UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA GUILLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>RICARDO COLOMBANA and<br>MIRELLA COLOMBANA,<br><br>    Defendants. | No. 2:19-cv-00655-KJM-DB<br><br>ORDER |

After an altercation with her husband and his mother resulting in plaintiff's arrest and detention, plaintiff filed this suit in federal court on the basis of federal question jurisdiction, alleging civil rights claims under § 1985, as well as other state law claims. Compl., ECF No. 1. Having reviewed the allegations of the complaint and the parties' briefing on defendants' motions to dismiss, the court orders as follows:[1]

I.    CLAIM ONE

Plaintiff's first claim is for a violation of 42 U.S.C. § 1985(3). Compl., ECF No. 1, at 7. As the Ninth Circuit explained in *Bretz v. Kelman*, 773 F.2d 1026, 1028 n.3 (9th Cir.

---

[1] In an effort to streamline resolution of motions to dismiss in cases like this one where the parties have counsel, when the court is granting leave to amend it has adopted a shortened form of order consistent with the order issued here.

1

1985) (en banc): "The first clause of § 1985(3) provides a cause of action for a private conspiracy to deny equal protection of the laws" and "the second clause provides a cause of action for a conspiracy: 'for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws.'"[2] *Id.* (citing 42 U.S.C. § 1985(3)). In order to state a claim under either clause, plaintiff must make "an allegation of race-based or class-based discrimination," *Bretz*, 773 F.2d at 1028; *see also Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[I]nvidiously discriminatory, racial or class-based animus, [] is necessary to state a claim under section 1985(3).") (citation omitted); *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834–35 (1983).

Plaintiff has not alleged she is a member of a protected class, nor has she alleged defendants engaged in any racial or class-based discrimination. Because this is a necessary element of a claim under § 1985(3) plaintiff's § 1985(3) claim is DISMISSED. Given the representations of plaintiff's counsel at hearing and this Circuit's liberal standard with respect to leave to amend on an initial motion to dismiss, plaintiff is GRANTED leave to amend claim one, if she can do so consistent with Federal Rule of Civil Procedure 11. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

II. CLAIM THREE

Plaintiff's counsel clarified at hearing that plaintiff's third claim is brought under § 1985. *See* Compl. at 8 (alleging claim for "violation of civil rights" citing jurisdictional statute, 28 U.S.C. 1343). Based on the allegations, it appears to the court the claim is either for a violation of § 1985(3) or § 1985(2). Section 1985(2) creates a cause of action for conspiracy to obstruct a proceeding in federal court as well as conspiracy to obstruct a proceeding in state court "with intent to deny any citizen the equal protection of the laws . . ." 42 U.S.C. § 1985(2). Plaintiff does not allege defendants obstructed any proceeding in federal court. A claim for conspiracy to obstruct a state court proceeding under § 1985(2) requires a showing of racial or

---

[2] The third and final clause of the statute "provides a cause of action for a conspiracy to interfere with federal elections" which is not relevant here. *Bretz*, 773 F.2d at 1028, n.3.

2

class-based discrimination, which, again, plaintiff has not alleged here. *See Bretz*, 773 F.2d at 1029 ("[A]n allegation of class-based animus is an essential requirement of a claim under the second clause of § 1985(2)."). Therefore, regardless of whether plaintiff's third claim is brought under § 1985(3) or (2), it is not adequately pleaded for the same reasons explained above. *See, e.g.*, R. Colombana Mem. P. & A., ECF No. 9 at 6; *see also* Fed. R. Civ. P. 12(b)(6).

Plaintiff's third claim is also DISMISSED with leave to amend.

### III. REMAINING CLAIMS & FEDERAL QUESTION JURISDICTION

At hearing, plaintiff's counsel confirmed that the remaining claims are based on state law, not federal law. *See* Compl. at 8 (claim for false imprisonment); *id.* at 9 (claim for filing false reports and tampering with witnesses and evidence and claim for intentional infliction of emotional distress). The remaining claims therefore do not provide grounds for federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff's final claim for attorneys' fees is premised on plaintiff's § 1985 claims, which are not adequately pleaded, *see* Compl. at 10, and is therefore DISMISSED with leave to amend for the same reasons described above.

Jurisdiction here is predicated solely on plaintiff's federal claims. The court has now dismissed all federal claims, albeit with leave to amend. Given the relatively early phase of litigation, the court anticipates it will not exercise supplemental jurisdiction over plaintiff's state claims unless they are accompanied by at least one viable federal claim. *See* 28 U.S.C. § 1367 (district courts shall have original jurisdiction over related state law claims, except, *inter alia*, when the court has "dismissed all claims over which it has original jurisdiction"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of [ ] factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain,[ ] the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). Accordingly, the court will defer ruling on the pending motions as to plaintiff's second, fourth and fifth state law claims until plaintiff has exhausted her opportunity to amend the federal claims. *Id.*; *cf. United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed

before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")

IV. DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE

Both defendants request judicial notice of certain documents in support of their motions to dismiss. ECF Nos. 8, 13. Because the court granted defendants' motions to dismiss without relying on these documents, the court DENIES the requests for judicial notice as moot.

V. CONCLUSION

Defendants' motions to dismiss with respect to plaintiff's federal claims and claim for attorney's fees are GRANTED with leave to amend. The court defers ruling on any state law claims. Any first amended complaint shall be filed within twenty-one days of the date this order is filed. This order resolves ECF Nos. 7, 8, 11, and 13.

IT IS SO ORDERED.

DATED: October 9, 2019.

UNITED STATES DISTRICT JUDGE